## Levy v. Berkowsky et al.

1. MASTERS IN CHANCERY—*Confirmatory Decree.*—That part of a decree which confirms a master's report is merely interlocutory and constitutes no decree for the payment of any sum referred to in such report.

Memorandum.—Chancery proceedings. In the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding. Bill for specific performance; answer and replication; trial and decree for defendant; appeal by complainant. Heard in this court at the March term, 1893, and affirmed. Opinion filed April 28, 1893.

The opinion states the case.

DAVID J. WILE, solicitor for appellant.

WINSTON & MEAGHER, attorneys for appellees.

OPINION OF THE COURT, SHEPARD, J.

The briefs and arguments of both parties filed in this court have proceeded upon the assumption that this appeal was from a decree allowing solicitors' fees and the value of the use and possession of the premises, as damages upon the dissolution of an injunction.

Reference to the record discloses to us that the pretended decree, concerning which eighteen printed pages of argument on one side, and thirty-five printed pages of argument on the other side, have been filed with and read and considered by us, is only a decree for the costs to be taxed, of a reference to the master, and about which costs no complaint is made.

The part of that decree which confirms the master's report is merely interlocutory, and constitutes no decree for the payment of any sum referred to in such report.

We can not review the master's report, but only a decree which the court below may enter upon it. No fault with the decree as it is, being pointed out or alluded to, it will be affirmed.