Chicago Bill Posting Co. v. Schuster.

| 88 | 513 |
| 107 | ¹301 |

## Chicago Bill Posting Co. v. J. Schuster, N. Schuster, Thomas Cusack and Thomas Cusack Co.

1. Masters in Chancery—*Ministerial Officers—Recommendations Advisory.*—A master in chancery is but a ministerial officer of the court. His findings and recommendations have no force or effect other than to aid the court in the performance of its judicial duties.

2. Chancery Practice—*Confirmation of Report Not a Final Decree.* —The confirmation and approval of the master's report is merely interlocutory and constitutes no decree.

3. Injunction—*Damages on Dissolution, Statutory.*—The right of a court to assess as well as of a party to recover damages upon the dissolution of an injunction are statutory, and unless the injunction has been dissolved by the court no damages can be assessed.

**Dissolution of an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. Jesse Holdom, Judge, presiding. Heard in

the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed May 4, 1900.

WARVELLE & CLITHERO, attorneys for appellant.

OSCAR E. LEINEN, attorney for Thomas Cusack, appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This appeal is prosecuted to reverse the following order entered in said cause, viz.:

"On motion of solicitor for defendant Thomas Cusack, doing business as Thomas Cusack & Company, for assessment of damages on dissolution of temporary injunction granted herein, after hearing the evidence of all the parties and the arguments of their respective counsel, it is ordered that the defendant recover as and for his damages aforesaid, the sum of $300 solicitors' fees, and the sum of $50.75 for loss of rent, amounting in all to the sum of $350.75, and that said defendant have execution therefor against said complainant."

Said cause being at issue, was referred to a master in chancery, who, in his report, recommended "that the preliminary injunction granted be dissolved and the bill dismissed at complainant's cost." Upon the coming in of said report of the master, it was, by the court, "ordered, adjudged and decreed that the master's report be and the same hereby is confirmed and approved by the court."

There was no decree entered, neither was there any order specifically dissolving said injunction or dismissing said bill. It is contended by counsel for appellant that said preliminary injunction has not been dissolved and that therefore it was error to allow such damages.

The question thus presented is whether said order confirming the master's report was in effect a dissolution of said injunction.

The master "is but the ministerial officer of the court." Hards v. Burton, 79 Ill. 509. His findings and recommendations have no force or effect other than to aid the court in the performance of judicial duties. They are only advisory.

Fairbury, etc., v. Holly, 169 Ill. 12; Bruggestradt v. Ludwig, 82 Ill. App. 451.

The confirmation and approval of the master's report is merely interlocutory and constitutes no decree.  Levy v. Berkowsky, 50 Ill. App. 537.

By the confirming order the court merely says that in the opinion of the court the master's findings are correct. It follows, of course, that an order or decree should or would be entered by the court in conformity with the findings and recommendations of the report.  But an order of confirmation only, does not amount to or have the effect of such an order or decree.  The confirmatory order did not dissolve the injunction.

The right of the court to assess, as well as of a party to recover, damages upon the dissolution of an injunction, are statutory.  Unless an injunction has been dissolved by the court no such damages should be assessed.  Hurd's Stat., Ch. 69, Sec. 12.

Said order of the Superior Court allowing damages is reversed and the cause remanded.